UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUSTIN SCHAAL,

 Plaintiff,

v.              Case No. 8:22-cv-91-TPB-UAM

UNITED STATES OF AMERICA,

 Defendant.
_____/

**ORDER DENYING AS MOOT "DEFENDANT'S
MOTION TO COMPEL EXPERT DISCLOSURES;" AND
DENYING PLAINTIFF'S REQUEST TO EXTEND DEADLINES**

This matter is before the Court on "Defendant's Motion to Compel Expert Disclosures." (Doc. 65). Plaintiff Dustin Schaal filed a response (Doc. 67), and Defendant United States of America filed a reply (Doc. 71). Upon review of the motion, response, reply, record, and court file, the Court finds as follows:

**Background**

This case emerges out of a routine car accident that took place on US 301 at the intersection of Old Tampa Road, in Manatee County, Florida. Plaintiff Dustin Schaal was driving a 2013 Nissan Altima when he was rear-ended by Mickey Ray Miller, an employee of the Department of Homeland Security ("DHS"), who was driving a 2015 Ford Fusion owed by DHS. As a result of the car accident, Plaintiff alleges that he suffered injuries, including pain and suffering, disability, aggravation of a pre-existing injury or disease, disfigurement, and more. (Doc. 31).

## Analysis

Defendant seeks to compel expert disclosures. In response, Plaintiff indicates that he does not actually have any experts to disclose at this time, and he requests an extension of the discovery deadlines. Specifically, Plaintiff notes that counsel has spoken to potential experts, but with the potential expert(s)' and counsels' calendars being "extremely busy," counsel has not had an opportunity to discuss the case and costs of retaining the potential expert. Plaintiff acknowledges that expert testimony is extremely important in this case because the damages are related to soft tissue damage, which most experts do not handle.

This case was filed on January 11, 2022. (Doc. 1). Some delays occurred due to service of process issues and prior counsel's health issues. But Plaintiff's current counsel entered the case on January 20, 2023, and he appeared at the initial case management conference during which proposed case management deadlines were discussed. (Docs. 54; 57). The case management scheduling order was entered on January 30, 2023. (Doc. 59). Plaintiff has therefore been aware – since January 30, 2023 – that the expert disclosure deadline was July 20, 2023, and the discovery deadline was October 3, 2023.

Plaintiff did not at any time file a motion seeking an extension of these deadlines. Defendant sent several emails to Plaintiff about the expert disclosure deadlines, agreeing to informal extensions of September 8, 2023, and then September 22, 2023. When Plaintiff failed to disclose his experts by September 22, 2023, Defendant filed the instant motion to compel. But there is nothing to compel

here – Plaintiff has no experts. Accordingly, the motion to compel is denied as moot.

In his response, Plaintiff now asks – for the first time – to extend the expert disclosure and discovery deadlines. (Doc. 67). "Once a scheduling order is issued, motions to amend […] are distinctly disfavored." *See Spinelli v. Cap. One Bank*, No. 8:08-cv-132-T-33EAJ, 2008 WL 4937828, at *1 (M.D. Fla. Nov. 18, 2008). In fact, "deadlines in a scheduling order may be modified 'only for good cause and with the judge's consent.'" *Id.* (quoting Fed. R. Civ. P. 16(b)(4)). "Inherent in the good cause standard is the notion that a party must be diligent in attempting to meet the deadlines in a scheduling order." *Id.* at *2.

Plaintiff has not shown good cause – or really, any cause – for an extension of these deadlines.[1] Although there was a substitution of counsel, current counsel has been involved in this case prior to the entry of the scheduling order and was well-aware of the deadlines. Plaintiff had months to disclose his experts and conduct discovery, or to request extensions of time, but he has failed to obtain experts within the time limits imposed and has not shown diligence in meeting the deadlines.[2] There is simply no good cause to allow a discovery do-over at this juncture.

---

[1] The Court notes that this is not the only deadline that Plaintiff has failed to meet. The mediation deadline expired on October 16, 2023, and he has failed to attempt to arrange mediation or file a notice of mediation as required by the scheduling order. To date, he has still not specifically requested an extension of the mediation deadline.

[2] At a case management conference held on October 25, 2023, Plaintiff's counsel conceded that the costs of an expert may substantially cut into or even exceed the damages of this case. It appears that the decision to not disclose an expert may have therefore been a

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Compel Expert Disclosures" (Doc. 65) is hereby

   **DENIED AS MOOT**.

2. Plaintiff's request to extend deadlines (Doc. 67) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of

November, 2023.

 

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

strategic financial decision because Plaintiff wanted to resolve the case without spending additional money.