UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUSTIN SCHAAL,

    Plaintiff,

v.                                            Case No. 8:22-cv-91-TPB-UAM

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

This matter is before the Court on "Defendant's Motion for Summary Judgment," filed on October 23, 2023. (Doc. 73). Plaintiff filed his response in opposition on October 26, 2023. (Doc. 76). On October 31, 2023, the Government filed a reply. (Doc. 77). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

**Background**

This case emerges out of a routine car accident that took place on US 301 at the intersection of Old Tampa Road, in Manatee County, Florida. Plaintiff Dustin Schaal was driving a 2013 Nissan Altima when he was rear-ended by Mickey Ray Miller, an employee of the Department of Homeland Security ("DHS"), who was driving a 2015 Ford Fusion owed by DHS. As a result of the car accident, Plaintiff alleges that he suffered injuries, including pain and suffering, disability, aggravation of a pre-existing injury or disease, disfigurement, and more. (Doc. 31).

## Procedural Background

The procedural background of this case is worth noting. This case was filed on January 11, 2022. (Doc. 1). Some delays occurred due to service of process issues and prior counsel's health issues. But Plaintiff's current counsel entered the case on January 20, 2023, and he appeared at the initial case management conference during which proposed case management deadlines were discussed. (Docs. 54; 57). The case management scheduling order was entered on January 30, 2023. (Doc. 59). Plaintiff had therefore been aware – since January 30, 2023 – that the expert disclosure deadline was July 20, 2023, and the discovery deadline was October 3, 2023.

Plaintiff did not at any time file a motion seeking an extension of these deadlines. Defendant sent several emails to Plaintiff about the expert disclosure deadlines, agreeing to informal extensions of September 8, 2023, and then September 22, 2023. When Plaintiff failed to disclose his experts by September 22, 2023, Defendant filed a motion to compel. But there was nothing to compel here – Plaintiff had no experts. In response to the motion to compel, Plaintiff asked – for the first time – to extend the expert disclosure and discovery deadlines. Finding that Plaintiff had failed to show good cause, the Court denied the request to extend deadlines. (Doc. 78).

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).  A properly supported motion for summary judgment is not defeated by the existence of a factual dispute.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Only the existence of a genuine issue of material fact will preclude summary judgment.  *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact.  *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact.  *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).  If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor.  *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Defendant seeks summary judgment based on Plaintiff's failure to retain an expert to prove medical causation.  In a negligence case, a plaintiff must prove (1) a legal duty to protect the plaintiff from injury; (2) a breach of that duty; (3) actual and proximate causation; and (4) damages.  *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008).  "It's axiomatic there must be a causal connection between the conduct and the resulting injury."  *Rodriguez v. Walmart Stores East*, L.P., No. 2:20-cv-474-SPC-NPM, 2021 WL 4750087, at *2 (M.D. Fla. Oct. 12, 2021) (citing *Meyers v. Shontz*, 251 So. 3d 992, 1002 (Fla. 2d DCA 2018)).  The plaintiff bears the

burden of proof on all four elements of negligence, including causation. *Aycock v. R.J. Reynolds*, 769 F.3d 1063, 1069 (11th Cir. 2014) (citing *Clampitt v. D.J. Spencer Sales*, 786 So. 2d 570, 573 (Fla. 2001)).

In this case, Plaintiff claims that the car accident caused him to suffer temporomandibular joint disfunction ("TMJ"), pain in the neck and upper body, radiating lower back pain, and leg spasms. (Doc. 73-1 at 81-83). Plaintiff identifies the physiological cause of these injuries as an annular tear at the L4-L5 vertebrae and a large lumbar central disk herniation. (Doc. 73-2 at ¶ 9). As the Government correctly points out, and Plaintiff concedes, all of these claimed injuries are soft tissue internal injuries that are not readily observable. *See Rementer v. United States*, 8:14-cv-642-T-17MAP, 2017 WL 1095054, at *18 (M.D. Fla. Mar. 21, 2017) (plaintiff's back pain and other soft tissue injuries are not readily observable medical conditions); *Mustafa v. United States*, No. 21-20633-CIV, 2022 WL 18023353, at *11 (S.D Fla. Sept. 15, 2022) (soft-tissue injuries, such as back, head, neck hip, and shoulder injuries, are not readily observable medical conditions); *Willis v. Royal Caribbean Cruises, Ltd*. No. 1:20-cv-21192-KMM, 2022 WL 1521193, at *12 (S.D. Fla. May 4, 2022) (pain and disk herniations in a plaintiff's neck not readily observable injuries).

Consequently, Plaintiff must submit expert testimony at trial to prove that his alleged injuries were caused by the car accident. *See, e.g., Willis v. Royal Caribbean Cruises, Ltd.,* 77 F.4th 1332, 1338 ("Looking to Florida negligence law, we find the same rule: non-readily observable injuries require expert medical

evidence to prove causation."); *Rivera v. Royal Caribbean Cruises, Ltd.,* 711 F. App'x 952, 954 (11th Cir. 2017) ("When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required."); *Rementer*, 2017 WL 1095054, at *18 (explaining that "Florida courts have held that a plaintiff's back pain and other soft issue injuries are not 'readily observable' medical conditions" and therefore require expert testimony); *Jones v. Discount Auto Parts, LLC*, No. 6:16-cv-138-Orl-37KRS, 2017 WL 1396477, at *9 (M.D. Fla. Apr. 19, 2017) (explaining that the nature of a plaintiff's claimed soft-tissue injuries requires the use of expert testimony on medical causation).

Here, Plaintiff appears to claim that he has "made progress" toward retaining an expert. However, Plaintiff did not retain any expert to prove his case or disclose any expert prior to expiration of the applicable case management deadlines. Although Plaintiff requested to reopen discovery to allow for additional time to retain an expert, the Court declined to permit a discovery do-over because Plaintiff failed to show good cause for an extension of the discovery deadline by failing to diligently prosecute this action. (Doc. 78).

Because Plaintiff has failed to submit medical expert evidence opining on the issue of causation, he is unable to prove causation – an essential element of his claim. *See Rodriguez*, 2021 WL 47500087, at *8 (citing *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1322 (11th Cir. 1999). Accordingly, there is not a genuine

issue of material fact as to medical causation, Plaintiff's negligence-based claim fails, and Defendant is entitled to summary judgment.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "Defendant's Motion for Summary Judgment" (Doc. 73) is hereby **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant United States of America, and against Plaintiff.

3. Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of November, 2023.

          **TOM BARBER**
          **UNITED STATES DISTRICT JUDGE**